James J. Conroy, J.
Plaintiff is a domestic corporation organized exclusively for religious, charitable and educational purposes.
In 1931 plaintiff assembled a large tract of vacant land in the Borough of Queens for the purpose of erecting a high school *816 for boys. The land remained vacant while the necessary funds were being accumulated. Plaintiff engaged an architect who designed plans for the high school. The area was graded in preparation for the commencement of construction. These facts were disclosed to the City Tax Commission from time to time in connection with plaintiff’s application for exemption from taxes. Such exemption was granted, since it was conceded that plaintiff was a corporation qualifying for exemption and was holding the land for use as a high school which was contemplated in good faith. Such a high school has since been built and is presently in use.
The plans for the construction of the high school were nearing completion in 1951 when the United States Government requested the use of the property for the national defense during a period of national emergency, commonly referred to as the Korean War.
The use of the property was donated by the plaintiff to the United States Government, and from October 25, 1951, until April 27,1955, the land was used as an anti-aircraft base. Concededly plaintiff received no rent, profit or income therefrom, although the lease recited the nominal rental of $1 per year.
The property had been exempt from taxes prior to occupancy by the Federal Government and was restored to the exempt list after the Government vacated it, but defendant levied taxes on the land for the three tax years 1953-54, 1954-55 and 1955-56.
Plaintiff brought this action for judgment declaring these taxes to be void, and, since there is no dispute as to the facts, each party has now moved for summary judgment in its favor.
Former section 4 of the Tax Law provided in part as follows:
‘ ‘ The following property shall be exempt from taxation :
“ 1. Property of the United States except property subject to taxation under the constitution and laws of the United States.
# # *
11 6. The real property of a corporation or association organized exclusively for * * * religious * * * benevolent * * * [or] educational * # * purposes, * # * and used exclusively for carrying out thereupon one or more of such purposes * * #. The real property of any such corporation or association entitled to such exemption held, by it exclusively for one or more of such purposes and from which no rents, profits or income are derived, shall be so exempt, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation or association. ’’
*817 Defendant readily concedes that plaintiff is a corporation organized exclusively for religious, benevolent and educational purposes and that it contemplated in good faith building a high school, which in fact has been erected and is now in use. Defendant contends, however, that when plaintiff lent the land to the United States Government for defense purposes, the property was for that period of time not used for religious or educational purposes and that plaintiff lost its exemption, even though the United States Government is also entitled to an exemption on its land.
Parenthetically, it would make for a poor public policy to penalize citizens for aiding their country in time of war or other national emergency. Nor does this court believe such to be the public policy of the State of New York. (People ex rel. Astoria Light, Heat & Power Co. v. Cantor, 236 N. Y. 417.) In that case petitioner undertook to furnish buildings, labor and materials necessary for the construction of gas masks for the Federal Government at “ cost plus.” The Court of Appeals held that the power of the State to tax amounts becoming due under such a contract “ would hinder and embarrass the government in carrying out the powers conferred by the constitutional provisions ” to declare war and raise and support armies (p. 421).
Apart from considerations of public policy, however, plaintiff was entitled to the exemption even under a strict literal interpretation of the statute. In order to qualify for an exemption with respect to land not presently used for exempt purposes, plaintiff had to meet four requirements: (1) Plaintiff had to be a corporation organized exclusively for religious or educational purposes. (Concededly plaintiff met this condition.) (2) Plaintiff had to be unable to use the land because of the absence of suitable buildings. (The land was vacant.) (3) Plaintiff could receive no rent, income or profit from the land. (Concededly there was none.) (4) Plaintiff must, in good faith, contemplate using the land for a religious or educational purpose. (It did and has since so used it. Plaintiff never abandoned its intention to build a high school during the temporary occupancy of the United States Government.)
■ Thus, even the letter of the law as well as the spirit was satisfied. Plaintiff met all of the requirements for its exemption under the statute.
The case of Lebanon Hosp. Assn. of City of N. Y. v. City of New York (302 N. Y. 777), cited by the defendant, is not in point. In that case the agreement made by the hospital with the Federal Government provided for an annual rental which not only paid all carrying charges and depreciation but which *818 also provided for a return of 2% on the hospital investment. In such case the hospital could not satisfy the third condition, to wit, that it receive no rent, income or profit from the land. Such is not the case here.
Defendant’s motion for summary judgment is denied. Plaintiff’s cross motion for summary judgment is granted.